UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RAMON L. CINTRON,

    Petitioner,

v.	CASE NO. 8:12-CV-2584-T-30TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

Petitioner, an inmate of the Florida penal system proceeding *pro se,* initiated this action by filing a Petition for Writ of Habeas Corpus (hereinafter "petition") pursuant to 28 U.S.C. § 2254 challenging plea-based convictions for multiple drug offenses entered in 2011 by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida (Dkt. 1). This court has undertaken the preliminary review mandated by Rule 4, Rules Governing Section 2254 Cases (2012), and concludes that the petition is subject to summary dismissal.[1]

**Background**

According to the petition, Petitioner pleaded guilty to trafficking in illegal drugs, conspiracy to traffic in illegal drugs, possession of cocaine, and possession of drug

---

[1] Rule 4 authorizes a district judge to summarily dismiss a habeas petition if "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *See Granberry v. Greer*, 481 U.S. 129, 135 n.7 (1987).

paraphernalia in violation of Section 893.13, Florida Statutes (Dkt. 1). Petitioner challenges the constitutionality of Section 893.13, apparently based on the reasoning in *Shelton v. Secretary, Department of Corrections*, 802 F. Supp. 2d 1289 (M.D. Fla. 2011).[2] *Shelton* determined that, by eliminating *mens rea* as an element, Section 893.13, Florida Statutes was facially unconstitutional under the Due Process Clause.

First, this court has held, contrary to *Shelton*, that Florida's Comprehensive Drug Abuse Prevention and Control Act[3] is not facially unconstitutional. *United States v. Bunton*, 2011 U.S. Dist. LEXIS 123945, 2011 WL 5080307 (M.D. Fla. October 26, 2011) (the 2002 amendment to Florida's Comprehensive Drug Abuse Prevention and Control Act, codified at Fla. Stat. § 893.101, does not result in a facially unconstitutional statute because even without a *mens rea* requirement, it still satisfies due process). Second, "[i]n order to obtain federal habeas relief under the Antiterrorism and Effective Death Penalty Act. . .[Petitioner] must show that the state court decision adjudicating his claims (1) was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedents. . ." *Philmore v. McNeil*, 575 F.3d 1251, 1255 (11th Cir. 2009). Petitioner's claim pursuant to *Shelton* is foreclosed by the Eleventh Circuit Court of Appeals' decision in *Shelton v. Sec. Dep't of Corr.*, 691 F.3d 1348 (11th Cir. 2012) in which the Eleventh Circuit reversed the

---

[2] Petitioner argues that his current incarceration is illegal because the statute under which he was convicted, Section 893.13, "has been declared unconstitutional." (Dkt. 1 at 5). The court takes judicial notice of Petitioner's prior federal habeas petition, filed in this court and dismissed on January 23, 2012 in case no. 8:12-cv-113-T-30MAP, in which Petitioner argued that the decision in *Shelton* rendered his convictions under Section 893.13 unconstitutional.

[3] Chapter 893, Fla. Stat.

2

district court's decision in *Shelton*, and held that the Florida Supreme Court's decision in *State v. Adkins*, 96 So. 3d 412 (Fla. 2012) upholding Florida's Comprehensive Drug Abuse Prevention and Control Act under the Due Process Clauses of the Florida and the United States Constitutions was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." *See Shelton v. Sec. Dep't of Corr.*, 691 F.3d at 1355 (concluding that "nothing in the *U.S. Reports* decides or implies resolution of the novel issue of the Florida Act's constitutionality, and we cannot find Florida's adjudication to be unreasonable under AEDPA").

ACCORDINGLY, it is **ORDERED** that:

1. The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,"

3

*Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner cannot make the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on November 19, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*

S:\Even\2012\12-cv-2584.petition denied.wpd